979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry D. TILLEY, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 92-5054.
 United States Court of Appeals, Federal Circuit.
 Sept. 3, 1992.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 SKELTON, Senior Circuit Judge.
 
 
 1
 In this case we are required to decide (1) whether the United States Claims Court abused its discretion in its decision in Tilley v. U.S., No. 331-86C (Ct.Cl. Nov. 21, 1991) in awarding the plaintiff Larry Tilley an attorney fee in the sum of $109,845.65 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) because he was the prevailing party at the trial on the merits in this litigation; and (2), whether the claims court abused its discretion in finding that the position of the United States was not substantially justified within the meaning of the EAJA in opposing the plaintiff's motion for summary judgment at the trial on the merits. Tilley v. U.S., 19 Cl.Ct. 33(1989).
 
 
 2
 At the trial on the merits, the claims court granted plaintiff's motion for summary judgment. The government did not appeal. Consequently, when the plaintiff filed a motion for attorney fees as the prevailing party on the merits under the provisions of the EAJA, the merits of the case were not before the court except for the limited purpose of allowing the court, in the exercise of its discretion, to determine whether the position of the government was substantially justified at the trial on the merits, and, if not, whether an attorney fee should be awarded. In exercising this discretion, the court considered the following facts, among others, in deciding these issues in favor of the plaintiff.
 
 
 3
 The plaintiff was an Air Force Reserve Officer with twelve years of exemplary service who was assigned to nuclear missile duty in 1980. During his training he revealed to his superiors that for moral reasons he could not release a nuclear bomb in a preemptive strike in waging an offensive war, but he would not have any objection to doing this if the bomb was released for defensive purposes. He was required to divulge this information by reason of Air Force Regulation 35-99. This regulation also provided that such a revelation could not be used for punitive purposes against an officer, and that he would be retained on duty and reassigned to some other department. Notwithstanding this regulation, the Air Force decertified him, and the Secretary of the Air Force removed him from the service and gave him an honorable discharge. He later reenlisted and served out 20 years as an enlisted serviceman and then retired. In 1986 he applied to the Air Force Board for Correction of Military Records to be reinstated on active duty, and to receive back pay from the date of discharge, and to remove all references to the discharge from his Air Force records. The board by a unanimous decision granted his request, and recommended to the Air Force that he be reinstated and his records corrected. The Air Force rejected this decision and refused to comply with it. The plaintiff then filed suit in the claims court seeking the above relief. The claims court held that the Air Force had violated its own regulations, and entered judgment for the plaintiff. As stated above, the defendant did not appeal.
 
 
 4
 When the plaintiff filed his motion for attorney fees, the government opposed it, not only because of its argument that its position was substantially justified, but also because in its view the claimed fees were excessive as to hours and time spent by plaintiff's attorneys in the case. The claims court found, in the exercise of its discretion, that the fees were justified and reasonable, and that the plaintiff had submitted adequate data regarding the time, hours and effort spent in the case, and entered judgment awarding the fees to the plaintiff.
 
 
 5
 Upon review by this court, we find that the above issues were thoroughly, carefully and persuasively analyzed and addressed by the claims court in its opinion dated November 21, 1991, in favor of the plaintiff. Accordingly, the decision of the claims court is affirmed on the basis of that opinion.